J-A07021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INT. OF: K.M.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.W.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1537 MDA 2019 |

Appeal from the Decree Entered August 23, 2019
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s): 13-AD-2019

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 21, 2020**

Appellant, K.M.W. ("Mother"), appeals from the August 23, 2019 Decree that involuntarily terminated her parental rights to K.M.W. ("Child") and changed Child's permanency goal to Adoption. Upon review, we are constrained to quash this appeal pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and deny counsel's Application to Strike Trial Court Docket Number and to Clarify Notice of Appeal ("Application to Strike").

A detailed recitation of the procedural and factual history is unnecessary to our disposition. On October 9, 2019, Mother filed a single Notice of Appeal listing both the dependency and adoption docket numbers (Docket Nos. 13 AD 2019 and CP-22-DP-98-2016). Thereafter, both Mother and the trial court complied with Pa.R.A.P. 1925.

Initially, we must address the fact that Mother filed a single Notice of Appeal for her appeals at two separate lower court docket numbers. In

June 2018, our Supreme Court disapproved of the common practice of filing a single notice of appeal from an order or judgment involving more than one docket number. **See generally Walker**, **supra**. The Court observed that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Walker**, 185 A.3d at 977. Accordingly, the Court determined, "[t]he failure to do so requires the appellate court to quash the appeal." **Id. See also Matter of M.P.**, 204 A.3d 976, 981 (Pa. Super. 2019) (holding that when an appellant files a single notice of appeal from two separate dockets–dependency and adoption–**Walker** compels quashal).

In this case, Mother filed a single Notice of Appeal from an order involving two separate docket numbers. Mother's appeal postdates the **Walker** and **Matter of MP** decisions. Accordingly, we are constrained to quash this appeal.

Appeal quashed. Application to Strike denied. Case stricken from argument list.

Judge McLaughlin joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/21/2020</u>